UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeremy Gibbs, Tonya Gibbs, and
Hartland Fellowship,

                 Plaintiffs,

v.

Bank of America, N.A. and Wells
Fargo Bank, N.A.,

                 Defendants.

_____/

Case No. 15-cv-10688
Hon. Judith E. Levy
Mag. Judge David R. Grand

**OPINION AND ORDER GRANTING
<u>DEFENDANTS' MOTIONS TO DISMISS [11, 16]</u>**

Pending in the above-captioned matter are defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, N.A.'s ("BoA") motions to dismiss. (Dkts. 11, 16.) Pursuant to E.D. Mich. L.R. 7.1(f)(2), the Court will determine the motions without oral argument.

I.    Background

On October 10, 2007, Elias Mikhael obtained an $884,800 loan on residential property located in Howell, Michigan, from Bank of America

("BoA"), secured by a mortgage in favor of BoA. In 2008, plaintiffs leased the property from Mikhael and began using it as a church.

On February 5, 2010, BoA assigned the mortgage to Wells Fargo, and that assignment was recorded with Livingston County, Michigan, on February 11, 2010. At some point in 2010, Mikhael defaulted on the loan, and Wells Fargo commenced foreclosure proceedings. On August 4, 2010, Wells Fargo purchased the property for $570,600 at a sheriff's sale. On August 16, 2010, Wells Fargo recorded the deed with Livingston County. No party redeemed the mortgage during Michigan's one-year statutory redemption period.

Plaintiffs allege that, since 2008, they have engaged in certain activities to improve the value of the property, "including engaging in preventative maintenance, repairs, and other improvements," and have taken responsibility for things such as "repairing the buildings, mowing the lawns, plowing roads and drives, and the replacing of the decaying wood in and around the structures on the property." (Dkt. 1 at 3.) They also allege that they have made multiple attempts to contact Wells Fargo and BoA to attempt to resolve the foreclosure proceedings and purchase the property, but that their attempts to do so have been met

"with either silence or disrespectful responses that clearly refuse to recognize that the current occupants are bona fide purchasers of the property." (Id.)

Plaintiffs filed suit on February 26, 2015, asserting a single claim of unjust enrichment against defendants, and seeking damages in the amount of the monetary value of the property, as well as quiet title in their favor. Wells Fargo filed a motion to dismiss that claim on June 12, 2015. (Dkt. 11.) On July 10, 2015, BoA filed a motion to dismiss on the grounds that it does not own the property, and therefore cannot be sued for unjust enrichment. (Dkt. 16.) The motions are now ripe for adjudication.

II.  Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed

factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III. Analysis

"In order to sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. If this is established, the law will imply a contract in order to prevent unjust enrichment." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003) (further citation omitted).

Plaintiffs allege that defendant was unjustly enriched in two ways: first, by the maintenance and unspecified improvements plaintiffs performed on the property, and second, by engaging in "fraudulent transactions with no intent to allow the Plaintiffs to enter into negotiations to retain the property." (Dkt. 1 at 4.)

In the light most favorable to plaintiffs, they have alleged that defendants received a benefit from their repairs and maintenance of the property, as they have alleged that the property is in better shape than it otherwise would have been without their efforts. However, plaintiffs

4

have not pleaded facts that would support their claim that retention of that benefit, if any, by defendants would be unjust.

As previously held in *Gibbs v. Bank of America, NA*, Case No. 13-cv-14242, Dkt. 11, in addressing a virtually identical unjust enrichment claim brought by these plaintiffs against these defendants, routine maintenance and repair of property does not rise to the level of unjust enrichment, particularly given that plaintiffs have continued to use the property first as apparent tenants, then as holdover tenants after foreclosure. *See also Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 504 (2007) (holding that unjust enrichment based on maintenance of property was not a viable theory where the party asserting the claim has "had the use and enjoyment of the property during the time that they had maintained it.").

Unlike the virtually identical unjust enrichment claim referenced above, plaintiffs reference "other improvements" in this complaint. However, plaintiffs do not allege that they took any other actions beyond the ones already termed "maintenance" in their prior

complaint.[1] Even in the light most favorable to plaintiffs, the unspecified "improvements" cannot suffice to make this claim survive. Under Michigan law,

> [a] third party is not unjustly enriched when it receives a benefit from a contract between two other parties, where the party benefited has not requested the benefit or misled the other parties. . . . Otherwise stated, the mere fact that a third person benefits from a contract between two other persons does not make such third person liable in quasi-contract, unjust enrichment, or restitution.

*Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 196 (2006) (quoting 66 Am. Jur. 2d, Restitution and Implied Contracts, § 32, p. 628). Importantly, "not all enrichment is necessarily unjust in nature." *Id.* at 196.

---

[1] In the first complaint, plaintiffs stated that they had "maintained the property including routine maintenance and repairing the buildings on the property, mowing the lawns, plowing roads and drives, repairing decaying wood and all manner of repairs to the land and buildings." *Gibbs*, Case No. 13-cv-14242, Dkt. 1 at 5.

In this complaint, plaintiffs state that they "have worked hard to improve the value of the property in question, including engaging in preventative maintenance, repairs, and other improvements," and that "[t]hese actions include repairing the buildings, mowing the lawns, plowing roads and drives, and the replacing of the decaying wood in and around the structures of the property." (Dkt. 1 at 4.) Plaintiffs have not alleged any act that differs from the maintenance alleged in the first complaint to serve as an "improvement" of the property.

Plaintiffs are currently using a property zoned for residential purposes as a church. They are doing so pursuant to a lease entered into with the then-owner of that property in 2008. Although plaintiffs have not provided the lease to the Court, their use, maintenance, and "improvement" of the property began and continue pursuant to that contract.

Plaintiffs do not allege in their complaint that defendants requested the alleged benefit conferred by plaintiffs' actions, or misled either party to the lease to acquire that benefit, or even that defendants knew of the benefit at all before the filing of this lawsuit.[2] *See, e.g., Fed. Home Loan Mortg. Corp. v. Guntzviller*, Case No. 12-000568, 2014 WL 1383555, at *9 (Mich. Ct. App. April 8, 2014) (holding that a plaintiff was not entitled to relief under a theory of unjust enrichment where it presented no evidence that the defendant requested a benefit or misled others to acquire the benefit).

Plaintiffs have, according to their complaint, utilized a residential property owned by Wells Fargo for non-residential purposes for nearly

---

[2] Plaintiffs state in their response to Wells Fargo's motion to dismiss that defendant knew of the maintenance and repair, and cite to an unattached exhibit as evidence of that knowledge. (Dkt. 13 at 7.)

7

five years without authorization from Wells Fargo.  They do not allege that defendants knew of, requested, or misled plaintiffs into providing the maintenance and upkeep of the property during that time.  Accordingly, it would not be inequitable to permit defendant to retain the benefit of that maintenance, to the extent it confers a benefit on defendant at all.

Plaintiffs' second theory of unjust enrichment is that the defendants were unjustly enriched by allegedly fraudulent transactions that prevented plaintiffs from negotiating with defendant to purchase the property.  An unjust enrichment claim requires, at a minimum, the receipt of a benefit by defendants from plaintiffs.  Plaintiffs have not alleged that defendants received any benefit *from plaintiffs* in the course of the above-referenced transactions.  Instead, plaintiffs have alleged that they were *denied* the benefit of an opportunity to purchase the property by the transactions.

In the light most favorable to plaintiffs, they allege that one of the two defendants has refused to sell the property it owns to plaintiffs.  Plaintiffs have provided no authority to support the argument that a claim for unjust enrichment exists where one party refuses to sell

property it owns to another absent any obligation or promise to do so. Accordingly, plaintiffs have failed to plead a claim for unjust enrichment.

To the extent that plaintiffs allege the February 5, 2010 assignment of the mortgage was fraudulent, they have stated no legal or factual basis in support of that argument. Further, under Michigan law, plaintiffs lack standing to challenge the assignment as nonparties to the assignment. *Bowles v. Oakman*, 246 Mich. 674, 678 (1929).

The Court must also dismiss the claim against BoA on the independent ground that it is not the owner of the property and cannot be unjustly enriched by plaintiffs' maintenance. Plaintiffs allege that BoA was the highest bidder at the August 4, 2010 sheriff's sale, and that BoA is actually the record owner of the property. BoA argues that Wells Fargo is actually the owner of the property, and provides the August 4, 2010 sheriff's deed showing the sale of the property to Wells Fargo. (Dkt. 16-2.)

At the motion to dismiss stage, the Court may consider documents either referenced in the plaintiffs' complaint or central to plaintiffs' claims in a motion to dismiss without converting the motion into one for

9

summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). Here, the central document to plaintiffs' claims against BoA is the sheriff's deed, which plaintiffs contend show that the property was sold to BoA instead of Wells Fargo.

At this stage, the Court must also accept plaintiffs' allegations, if not contradicted by the documents central to their claim, as true. However, the Court will not accept plaintiffs' allegations as true when they are contradicted by the actual documents central to plaintiffs' claims. *Cf. Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874 (W.D. Mich. 2014) (holding that when a written instrument attached to a complaint contradicts the allegations in the complaint, the exhibit controls) (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998)); *Banaszak v. CitiMortgage, Inc.*, Case No. 13-cv-13710, 2014 WL 4489497, at *8 n.6. The deed has been provided and is properly considered by the Court at this stage.

The sheriff's deed at issue in this case unequivocally shows that Wells Fargo was the purchaser listed on the sheriff's deed. (Dkt. 16-2 at 2.) Wells Fargo also provided an affidavit when it purchased the

property, listing Wells Fargo as the purchaser. (Id. at 8.) Under Michigan law, affidavits recorded with a deed "shall be presumptive evidence of the facts therein contained." M.C.L. § 600.3264. Plaintiffs' allegation that BoA owned the property is contradicted by the document plaintiffs claim shows BoA's ownership. The document controls.

Accordingly, plaintiffs' claim against BoA is dismissed for the additional reason that BoA does not own the property and would not receive any benefit from the alleged unjust enrichment.

Because this is the second lawsuit these plaintiffs have brought alleging unjust enrichment against these defendants, and plaintiffs have again failed to state a claim for relief, this case is dismissed with prejudice.

IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Defendants' motions to dismiss (Dkts. 11, 16) are GRANTED; and

Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: August 5, 2015　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2015.

                                              s/Felicia M. Moses
                                              FELICIA M. MOSES
                                              Case Manager